IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| MARGARET L. THOMAS, | : | |
| | : | |
| Plaintiff, | : | CASE NO. |
| v. | : | 3:11-CV-177 (CAR) |
| | : | |
| ROBYN LAFEARS, MANAGEMENT | : | |
| AND PROGRAM ANALYST, SPECIAL | : | |
| INQUIRIES, RETIREMENT AND | : | |
| BENEFITS, et al., | : | |
| | : | |
| Defendants. | : | |

_____

**ORDER ON DEFENDANTS' MOTION TO DISMISS**

Currently before the Court is Defendants Robyn Lafears, Robert Lorish, Patricia Beach, and Pam Israel's Motion to Dismiss Plaintiff Margaret Thomas's Complaint. [Doc. 14]. In their motion, Defendants contend that Plaintiff's Complaint should be dismissed because her claims are barred by the doctrine of res judicata. Having considered the matter and the relevant case law, Defendants' Motion to Dismiss [Doc. 14] is **GRANTED.**

**Applicable Standard**

On a motion to dismiss, the Court must accept as true all well-pleaded facts in a plaintiff's complaint. <u>Sinaltrainal v. Coca-Cola Co.</u>, 578 F.3d 1252, 1260 (11th Cir. 2009). To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint

must contain specific factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>  The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims. <u>Bell Atlantic Corp.</u>, 550 U.S. at 556.

## Background

Plaintiff worked for the United States Postal Service ("USPS") from 1969 until she retired in 1992.  On August 22, 1992, Plaintiff retired under the disability provisions of the Civil Service Retirement System, and began receiving a retirement salary based on her average pay while she was employed by the USPS.  Plaintiff asserts that erroneous figures were used to calculate her retirement annuity, and she states that she has been seeking recalculation of her annuity since her retirement.[1]  In the current action, Plaintiff is once again challenging the Office of Personnel Management's ("OPM") calculation of

---

[1] Defendants allege that Plaintiff did not seek recalculation of her annuity until 2007, fifteen years after her retirement.  Plaintiff disputes this, and for purposes of the motion to dismiss, the Court accepts Plaintiff's allegations as true.

her Civil Service Retirement annuity[2]. Specifically, Plaintiff alleges that the OPM used the incorrect pay figure to calculate her annuity, and she seeks damages and review of an adverse decision by the OPM. Plaintiff also alleges that she suffered discrimination while employed by the USPS, and demands compensatory and punitive damages.

Previously, this Court dismissed a similar complaint filed by Plaintiff. See Thomas v. Office of Personnel Management, Civil Action No. 3:10-CV-88 (M.D. Ga. Jul. 15, 2011). On October 27, 2010, Plaintiff filed a complaint against OPM seeking review of her retirement annuity, and simultaneously filed a motion to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915, this Court conducted a frivolity review. After noting that Plaintiff had already sought relief for the same claims in the Northern District of Georgia, this Court dismissed Plaintiff's claims, finding that it "lack[ed] jurisdiction both to review a decision of the OPM and to award money damages against the government in the absence of a waiver of sovereign immunity." Thomas, No. 3:10-CV-88, Doc. 5, p. 2.

Plaintiff's current Complaint makes largely the same allegations as her prior complaint filed in this Court. Although Plaintiff has named different defendants, all three are employees of the OPM. Defendants seek to dismiss the Complaint, and

---

[2] As Defendants point out, Plaintiff has filed at least five complaints seeking the same relief, specifically before the Merit Systems Protection Board, the United States Court of Appeals for the Federal Circuit, the United States District Court for the Northern District of Georgia, and twice now in the Middle District of Georgia.

Plaintiff has timely responded.  Plaintiff has also filed several unrelated motions: Motion to Compel [Doc. 21]; Motion Requesting Court to Accept Special Affidavits [Doc. 24]; and Motion to Continue [Doc. 27].

## Discussion

Defendants assert that Plaintiff's Complaint should be dismissed because her claims are barred by res judicata.  Res judicata bars a subsequent lawsuit where: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999).

Plaintiff has filed suit against the same parties[3] and is raising substantially the same allegations.  Thus, the only issue is whether there was a final decision on the merits.  Defendants correctly point out that a dismissal pursuant to 28 U.S.C. § 1915 may serve as an adjudication on the merits.  Harmon v. Webster, 263 Fed. Appx. 844,

---

[3] Although Plaintiff has named three individual federal employees as defendants, she has listed their official titles.  Presumably, she intended to sue them in their official capacities, and a suit against a federal employee in her official capacity is essentially a suit against the federal agency itself.  Kentucky v. Graham, 473 U.S. 159 (1985).  Further, "[a] suit is deemed to be against the sovereign if the judgment sought would, among other things, interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or compel it to act." Segal v. Comm'r of IRS, 177 Fed. Appx. 29, 30 (11th Cir. 2006) (citation omitted).  Plaintiff seeks to have the OPM recalculate her annuity, which would compel the federal government to act.  Thus, Plaintiff's suit is essentially a suit against the OPM.

845 (11th Cir. 2008) (dismissal of pro se prisoner's complaint as frivolous pursuant to § 1915 was an adjudication on the merits).  However, it is also clear that a dismissal for lack of jurisdiction is not a final decision on the merits. <u>North Ga. Elec. Membership Corp. v. City of Calhoun</u>, 989 F.2d 429, 432-33 (11th Cir. 1993) (dismissal for lack of federal jurisdiction not a decision on the merits); <u>Davila v. Delta Air Lines, Inc.</u>, 326 F.3d 1183, 1188 (11th Cir. 2003) (dismissal for lack of subject matter jurisdiction "plainly is not an adjudication on the merits that would give rise to a viable res judicata defense"). Since this Court dismissed Plaintiff's prior complaint for lack of jurisdiction, there was no final decision on the merits.  Thus, this Court may not dismiss Plaintiff's Complaint on the basis of res judicata.

Although a prior dismissal "for lack of jurisdiction does not adjudicate the merits so as to make the case res judicata on the substance of the asserted claim, it does adjudicate the court's jurisdiction." <u>North Ga. Elec. Membership Corp.</u>, 989 F.3d at 433 (citation omitted). This Court previously held that it did not have jurisdiction to review a decision of the OPM, and the same remains true.  Thus, Defendant's request to dismiss Plaintiff's claims seeking review of her retirement annuity is granted.

In addition, while Plaintiff's Complaint is unclear, she also apparently intended to assert claims of discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, <u>et seq.</u>, and the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791,

et seq. Plaintiff's complaint does not specifically list the type of discrimination she allegedly suffered, but she mentions alleged sexual harassment that occurred in the mid-1980s, and also refers to a complaint filed with the Equal Employment Opportunity Commission in 1992. She also mentions several former coworkers and asks the Court to give her the same retirement pay as these fellow postal workers from the Brooklyn, New York office where she worked prior to moving to Georgia.

Clearly, the statute of limitations has long run on any type of discrimination claim, and Plaintiff may not now seek redress for alleged discrimination that occurred over twenty years ago. 42 U.S.C. § 2000e-5(e)(1) ("[a] charge under this section shall be filed within one hundred eighty days after the alleged unlawful employment practice occurred"); Everett v. Cobb County Sch. Dist., 138 F.3d 1407 (11th Cir. 1998) (Georgia's two-year statute of limitations for personal injury actions applies do discrimination claims brought under the Rehabilitation Act). Thus, any claims of discrimination are time-barred.

## Conclusion

Based on the foregoing, Defendants' Motion to Dismiss [Doc. 14] Plaintiff's Complaint is **GRANTED.** Plaintiff's Motion to Compel [Doc. 21]; Motion Requesting Court to Accept Special Affidavits [Doc. 24]; and Motion to Continue [Doc. 27] are therefore **DENIED as moot.**

SO ORDERED, this 14th day of May, 2012.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

AES/ssh